**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CODY BRACK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **CITY OF COLLEGE STATION, TEXAS;** | § | |
| **GRIMES COUNTY, TEXAS;** | § | |
| **BRAZOS COUNTY, TEXAS;** | § | |
| **LT. KEVIN HARRIS;** | § | **Civil Action No.** _____ |
| **DET. KYLE ZULKOWSKI;** | § | |
| **DEPUTY PAVLOCK;** | § | |
| **DET. TRAVIS PRITCHETT;** | § | |
| **OFFICER PATRICIA MARTY;** | § | |
| **OFFICER C. JOHNSON;** | § | |
| **JESSICA ESCUE; and** | § | |
| **CAROLYN BRACK** | § | |
| | § | |
| **Defendants.** | § | |

**JURY TRIAL DEMANDED**

### SECTION 1 - PRELIMINARY STATEMENT

Plaintiff Cody Brack brings this civil rights action under 42 U.S.C. § 1983 to remedy violations of his First and Fourth Amendment rights arising from:

- a pretextual traffic stop on February 21, 2024;

- an unlawful, prolonged seizure on February 24, 2024;

- excessive force causing an avulsion fracture of his right wrist;

- a search warrant obtained through false and misleading statements; and

- a sustained campaign of retaliation after Plaintiff exercised his constitutional rights by submitting Public Information Act ("PIA") requests, filing internal affairs complaints, and contacting federal authorities.

Plaintiff asserts individual-capacity claims for excessive force, unlawful seizure, unlawful search, and retaliation; Monell claims against the City of College Station and Grimes County; state-law tort claims; and defamation/malicious prosecution claims against private Defendant Carolyn Brack.

Plaintiff seeks compensatory damages, punitive damages, declaratory and injunctive relief, and attorneys' fees.

## SECTION 2 — JURISDICTION AND VENUE

### *Jurisdiction*

1. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff brings claims under 42 U.S.C. § 1983.

2. Supplemental jurisdiction exists under 28 U.S.C. § 1367 because Plaintiff's state-law claims arise from the same case or controversy.

### *Venue*

3. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events occurred in Grimes County and Brazos County, both within this District.

4. The unlawful stop, detention, use of force, warrant procurement, searches, and retaliation all occurred in this District.

## SECTION 3 — PARTIES

### *Plaintiff*

1. Plaintiff Cody Brack is a U.S. citizen and resident of College Station, Texas, and an honorably discharged U.S. Marine Corps Sergeant.

### *Municipal Defendants*

2. City of College Station, Texas operates the College Station Police Department ("CSPD") and is a "person" under § 1983.

3. Grimes County, Texas operates the Grimes County Sheriff's Office ("GCSO").

4. Brazos County, Texas operates the Brazos County District Attorney's Office.

### *Individual Law Enforcement Defendants*

5. Lt. Kevin Harris (CSPD) — excessive force and unlawful detention.

6. Det. Kyle Zulkowski (CSPD) — initiated detention, participated in force.

7. Deputy Pavlock (GCSO) — used excessive force.

8. Det. Travis Pritchett (CSPD) — provided information for defective warrant.

9. Officer Patricia Marty (CSPD) — authored false and misleading warrant affidavit.

10. Officer C. Johnson (CSPD) — conducted February 21 pretextual stop.

11. ADA Jessica Escue (Brazos County) — retaliatory courtroom statement.

### *Private Defendant*

12. Carolyn Brack — knowingly made false statements to law enforcement, giving rise to defamation and malicious prosecution claims.

**SECTION 4 — FACTUAL BACKGROUND**

### A. Background Context

1. These events occurred within the broader context of a criminal investigation involving Plaintiff's brother, Alex Brack.

2. On February 16, 2024, Carolyn Brack reported sexual assault and made inflammatory statements about Alex's alleged threats and firearm possession.

3. Her statements contributed to a $500,000 bond.

4. She later falsely accused Plaintiff of distributing anabolic steroids.

### B. Pretextual Traffic Stop — February 21, 2024

5. Around 1:30 a.m., Plaintiff was driving home on Highway 6 after a flight.

6. CSPD Officer C. Johnson approached aggressively, braked dangerously near Plaintiff's vehicle, and initiated a stop.

7. Officer Johnson was not in position to observe any traffic violation.

8. Plaintiff, believing the erratic driver might be intoxicated, pulled over.

9. Johnson issued only a warning for expired registration.

10. The stop was pretextual surveillance related to Alex's investigation.

### C. Unlawful Detention & Excessive Force — February 24, 2024

11. Plaintiff arrived at his grandmother's property in Grimes County to change gate locks.

12. Det. Zulkowski approached, stated officers were obtaining a warrant, and Plaintiff voluntarily cooperated.

13. Plaintiff agreed to remain on scene to avoid damage to locks.

14. Lt. Harris and Deputy Pavlock arrived and became adversarial.

15. They refused Plaintiff's request to get water for his dehydrated dog.

16. When Plaintiff stated, "I was leaving," and walked toward his vehicle, Zulkowski shouted he was detained.

17. All three officers rushed Plaintiff, grabbed his wrists, and violently twisted his right wrist.

18. Plaintiff suffered an acute avulsion fracture.

19. Plaintiff was handcuffed and detained two hours before the warrant arrived.

20. The search yielded no evidence.

21. Officers later asked to search Plaintiff's residence; he declined.

22. Medical exams on April 11, 2024 confirmed fracture and ligament damage.

### D. False & Misleading Search Warrant Affidavit

23. Officer Marty authored the affidavit, relying on Det. Pritchett.

24. The affidavit contained materially false statements from Carolyn Brack.

25. Purported "evidence" was a box of hypodermic needles from Carolyn Brack's workplace, *Health Point*, not Plaintiff's.

26. Without these false statements, probable cause did not exist.

### E. Plaintiff's Accountability Efforts & Retaliation

27. Plaintiff filed PIA requests, a CSPD IA complaint, and contacted FBI and DOJ.

28. On April 9, 2024, CSPD IA stated "no action would be taken."

29. Body-camera requests were denied; GCSO claimed no footage existed.

30. Officers began appearing at Plaintiff's gated residence.

31. On April 22, a uniformed CSPD officer looked inside Plaintiff's vehicle.

32. On May 15, 2024, in open court, ADA Escue loudly said:

    "Is the defendant's brother done submitting public information requests yet?"

33. A Brazos County constable was parked at Plaintiff's residence immediately afterwards.

34. Surveillance ceased only after Plaintiff stopped filing PIA requests.

### F. Prior Notice of Harris's Misconduct

35. CSPD leadership knew Lt. Harris had prior IA complaints, including a 2013 wrist-related excessive force complaint.

36. He also had documented counseling for:

    a.  a preventable fleet accident,

    b.  weapons-safety issues, and

    c.  unsafe vehicle operation.

35. CSPD failed to retrain or discipline him, resulting in Plaintiff's injury.

### SECTION 5 — CLAIMS FOR RELIEF

### COUNT I — Excessive Force (Fourth Amendment)

36. Against Harris, Zulkowski, Pavlock

    a.  Plaintiff was unarmed, non-threatening, not resisting.

b. Officers used objectively unreasonable force causing a wrist fracture.

c. Plaintiff seeks compensatory and punitive damages.

## COUNT II — Unlawful Seizure & Search (Fourth Amendment)

37. Against Zulkowski, Harris, Pavlock, Marty, Pritchett

a. Plaintiff was detained over two hours before warrant arrival — a de facto arrest without probable cause.

b. Warrant was based on materially false statements.

c. Search was unconstitutional under *Franks v. Delaware*.

d. Plaintiff seeks compensatory and punitive damages.

## COUNT III — First Amendment Retaliation

38. Against Johnson, Escue, Doe Officers

a. Plaintiff engaged in protected activity (PIA requests, IA complaint, FBI/DOJ reporting).

b. Defendants retaliated via stop, surveillance, and public intimidation.

c. Actions would chill speech.

d. Plaintiff seeks compensatory and punitive damages.

## COUNT IV — Municipal Liability (Monell)

39. Against City of College Station & Grimes County

a. City of College Station

i. Failed to train/supervise/discipline officers, including Harris.

ii. Maintained custom of inadequate IA investigations.

iii. Retaliatory practices.

40. Grimes County

a. Failed to preserve video evidence.

b. Failed to train deputies on constitutional duties during joint operations.

Plaintiff seeks compensatory and injunctive relief.

## COUNT V — State-Law Torts

41. Against Harris, Zulkowski, Pavlock

a. Assault & Battery: intentional harmful contact causing fracture.

b. Negligence: improper handcuffing and force with tangible property.

    c.  IIED: outrageous conduct causing severe distress.

**COUNT VI — Defamation & Malicious Prosecution**

42. Against Carolyn Brack

    a.  Knowingly false steroid allegations; misleading evidence.

    b.  Published with actual malice.

    c.  Caused unlawful search/seizure and reputational harm.

**SECTION 6 — PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cody Brack respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally as appropriate, and grant the following relief:

43. Declaratory relief.

44. Compensatory damages.

45. Punitive damages against individual defendants.

46. Nominal damages.

47. Injunctive relief (policy, training, evidence preservation).

48. Attorneys' fees under 42 U.S.C. § 1988.

49. Pre- and post-judgment interest.

50. All other just relief.

**SECTION 7 — PROCEDURAL ALLEGATIONS & PRESERVATION NOTICE**

51. All conditions precedent satisfied or waived.

52. Action is timely under two-year limitations period.

53. §1983 requires no administrative exhaustion; Plaintiff filed IA complaint regardless.

54. Jury trial demanded.

55. Defendants are on notice to preserve all body-cam, in-car video, audio, CAD, GPS, emails, texts, personnel files, IA files, and PIA records.

56. GCSO's lack of video raises spoliation concerns; preservation order requested.

57. Plaintiff will serve comprehensive discovery.

Respectfully submitted,


    */s/ Denise S. Young*

Denise S. Young, SBN: 24053567


Page 6 of 7

The Law Office of Denise S. Young PLLC
6140 Highway 6, Suite 93
Missouri City, Texas 77459
denise.young@isquiremi.com
Telephone: 713-894-2203
Facsimile: 713-770-6182